UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID BYERS, a Utah resident, DARREL BYERS, a Utah resident, DALE BYERS, a Utah resident, and DOYLE BYERS, a Utah resident<br><br>Plaintiffs,<br><br>v.<br><br>LARRY BULL, individually and as Trustee of the Delbert Parker Revocable Trust, D.A. DAVIDSON & CO, a Montana Corporation, THOMAS J. HOLMES, individually and as shareholder of Beard St. Clair Gaffney PA; BEARD ST. CLAIR GAFFNEY PA, an Idaho professional services corporation,<br><br>Defendants. | Case No. 4:23-cv-00494-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Before the Court is Plaintiffs David Byers, Darrell Byers, Dale Byers, and Doyle Byers' Motion to Amend their Complaint. Dkt. 32. Defendants Beard St. Clair Gaffney PA and Thomas J. Holmes oppose the Motion to Amend. Dkt. 35. Defendants D.A. Davidson and Larry Bull indicated their non-opposition. Dkts 34, 36.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by

oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court will GRANT in part and DENY in part the Motion.

## II. BACKGROUND

This case involves the modification of a trust. Plaintiff brothers David Byers, Darrell Byers, Dale Byers, and Doyle Byers (collectively, the "Byers") are the grandchildren of Delbert Parker. Defendants Larry Bull, D.A. Davidson & Co. ("DA Davidson"), Thomas J. Holmes, Beard St. Clair Gaffney PA ("Beard St. Clair"), and L. Jones, Chartered PA ("Jones") are individuals and entities the Byers allege advised Parker on his investments, assets, and estate planning. In 2004, with the help of these Defendants, Parker created the Delbert Parker Revocable Trust (the "Trust"), designating his stepchildren Harvey Byers and Sandie Schmidt as beneficiaries. Harvey Byers is the Byers' father. The Trust indicates that "[i]f a beneficiary dies, that beneficiary's share shall pass first to that beneficiary's issue by representation." Dkt. 1, at 5. The Byers, as Harvey's children, allege that because of this provision, they too are beneficiaries of the Trust.

Under the initial terms of the Trust, trustee Bull was to distribute $15,000 from the trust to Harvey annually. In 2009, the terms of the Trust were changed to direct the distribution to Harvey of a $100,000 lump sum and $50,000 annually. When Harvey died in 2022, the portion of the Trust allocated to him (and thereafter, his issue) was depleted.

The Byers filed suit in this Court on November 8, 2023, bringing claims for breaches of various duties involving the modification and administration of the Trust. Dkt. 1. On March 15, 2024, the Byers filed a Motion to Amend the Complaint seeking to add Jones

MEMORANDUM DECISION AND ORDER - 2

as a new party to the suit and add a claim of professional negligence/legal malpractice against Holmes, Beard St. Clair, and Jones (collectively, "Attorney Defendants"). Dkt. 32. The Byers also seek to expand their existing claims against DA Davidson and Bull to include the Attorney Defendants. Beard St. Clair and Holmes objected to the addition of new claims; Jones did not respond.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Trial courts have discretion when allowing amendments, but absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . repeated failure to cure deficiencies . . . [or] futility of amendment", leave to amend should be given. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–052 (9th Cir. 2003). The party opposing amendment bears the burden of showing it would be prejudiced by amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint" in a Rule 12(b)(6) challenge. *Arbon Valley Solar LLC v. Thomas & Betts Corp.*, 2017 WL 5613009, at *3 (D. Idaho Nov. 21, 2017) (quoting *Doe v. Nevada*, 356 F. Supp. 2d 1123,

MEMORANDUM DECISION AND ORDER - 3

1125 (D. Nev. 2004)).

"A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). "[I]n considering a Rule 12(b)(6) motion, the Court must view the "complaint in the light most favorable to" the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Id.* at 1122.

## IV. ANALYSIS

In this case, Beard St. Clair and Holmes oppose the Byers' Motion on grounds that the claims proposed in the amendment are futile. Beard St. Clair and Holmes bear the burden of showing why the Court should not grant leave to amend. The Court will analyze their arguments for each claim in turn.

### A. Breach of Fiduciary Duties/Breach of Trust (Count One)

The Byers first seek to amend their breach of fiduciary duty claim. "To establish a claim for breach of fiduciary duty, [a] plaintiff must establish that the defendant owed plaintiff a fiduciary duty and that fiduciary duty was breached." *Parkinson v. Bevis*, 448 P.3d 1027, 1033 (Idaho 2019) (cleaned up). Under Idaho law, a breach of fiduciary duty claim may be made against an attorney "where the fiduciary duty arises from the lawyer-client relationship." *Parkinson*, 448 P.3d at 1033 (Idaho 2019). When an attorney prepares testamentary instruments, that attorney "owes a duty to the beneficiaries named or identified therein . . . If, as a proximate result of the attorney's professional negligence . . . the beneficiary's interest in the estate is either lost, diminished, or unrealized, the attorneys

would be liable to the beneficiary harmed." *Harrigfeld v. Hancock*, 90 P.3d 884, 888 (Idaho 2004).

The Byers seek to Amend their Complaint to extend their breach of fiduciary duty claim to all Defendants, asserting that the Defendants advised Parker on the creation of the Parker Trust ("Trust"), that Holmes likely represented Parker with respect to the Trust, and that Holmes was responsible for its drafting in 2004 and amendment in 2006. The Byers further allege that the assets in the Amended Trust were managed by "some or all" of the Defendants. Dkt. 32-2, at 6. The Byers contend that upon Parker's death, Defendants failed to provide notice of Bull's appointment as Trustee, provide copies of the Trust, or provide the opportunity to the Byers to receive monthly statements on the balance of the Trust (all of which the Byers contend Defendants were obligated to do under Idaho law). Furthermore, Defendants purportedly began conspiring to "override or nullify Parker's intent as trustor" by diverting all of the Trust's assets to Sandie and Harvey. *Id*. at 8.

Beard St. Clair and Holmes, in turn, argue that the breach of fiduciary duty claim is futile. They assert that the Defendants never had any sort of attorney-client relationship with the Byers, much less any "elevated duties of trust or confidence" necessary for a breach of fiduciary duty claim. Dkt. 35, at 12. In response, the Byers rely on *Harrigfeld*, contending that Defendants did owe a fiduciary duty, which they violated through their alleged conduct. *See Harrigfeld*, 90 P.3d at 888 (Idaho 2004) (holding that attorneys who draft testamentary instruments owe a duty to the beneficiaries of these instruments as a matter of law). The Byers also rely on *Kalb v. Wise*, holding that *Harrigfeld* "stands for the rule that a lawyer's duty of care to beneficiaries is limited to the drafting and execution of

MEMORANDUM DECISION AND ORDER - 5

testamentary instruments that are part of the will or trust at issue." 475 P.3d 316, 322 (Idaho 2020).

At the pleading stage, utilizing a 12(b)(6) standard and viewing the Amended Complaint in a light most favorable to the Byers, the Court must take the Byers' factual allegations as true. The Byers assert that the Defendants undertook to create the Parker Trust and later materially altered the Trust, and provide extensive factual details describing the circumstances surrounding and terms of the original and modified Trust agreement. *See* Dkt. 1, at 4-12. The Court finds these facts sufficient to support allegations that the Defendants both owed and breached a fiduciary duty to the Byers.[1] Thus, the Court finds these allegations sufficient to support Amendment at this stage. Accordingly, the Court will GRANT the Byers' Motion to Amend with respect to Count One.

### B. Professional Negligence/Legal Malpractice (Count Two)

The Byers next seek to add a claim for professional negligence/ legal malpractice against all Attorney Defendants. "To establish a claim for professional negligence, the plaintiff must show: (1) the existence of an attorney-client relationship; (2) the existence of a duty on the part of the lawyer; (3) the failure to perform that duty; and (4) the failure to perform the duty must be a proximate cause of the injuries suffered by the client." *Estate of Becker v. Callahan*, 96 P.3d 623 (Idaho 2004).

The Byers contend that "an attorney-client relationship existed between Attorney Defendants and . . . Parker that gives rise to duties on the part of Attorney Defendants owed

---

[1] The Court is not ruling that a duty was breached, only that Plaintiffs have adequately alleged a breach for purposes of amendment.

to the Plaintiffs as beneficiaries of the Amended Parker Trust." Dkt. 32-2, at 16. The Byers allege that the Attorney Defendants failed to perform their duties by representing multiple parties who had "obvious conflicts with one another," representing parties adverse to the Plaintiffs, advising Defendants "in the conduct in which they engaged as alleged," undermining the intent of Parker when amending the Trust, failing to provide notice, and misrepresenting and withholding information from the Plaintiffs, resulting in "actual loss and damage" to the Plaintiffs. *Id*. at 16-17.

Beard St. Clair and Holmes counter that the professional malpractice claim in Byers' proposed amended complaint is futile, asserting that Byers did not allege an attorney-client relationship existed. Byers acknowledges that he has no direct attorney client relationship with the Attorney Defendants. However, as discussed above, an attorney who undertakes to prepare testamentary materials owes a fiduciary duty to the beneficiaries.[2]

Again, taking the Byers' factual allegations as true at this stage, the Court finds those allegations sufficient to support amendment to add this claim. The Byers have alleged they are Harvey's children, to whom the benefits of the Trust would be distributed following Harvey's death. They assert that Defendants undertook to create and manage the Trust, which, if true, could create a fiduciary duty owed by Defendants to the Byers. And the Byers plausibly allege that defendants violated those duties through their conduct described above. Thus, the Court GRANTS the Byers' Motion with respect to the addition of a

---

[2] The Court notes that the facts of *Harrigfeld* and *Kalb* specifically addressed named beneficiaries, but left open the question of whether the same duty extends to secondary beneficiaries. At this state, the Court finds the Byers' Amended Complaint adequate. However, in any future dispositive motions regarding this duty, the parties should brief the question of whether the fiduciary duty owed by an attorney preparing testamentary instruments extends to unnamed residual beneficiaries.

MEMORANDUM DECISION AND ORDER - 7

professional negligence claim.

### C. Fraudulent Misrepresentation (Count Three)

Next, the Byers seek to extend their existing claim for fraudulent misrepresentation to include the Attorney Defendants. "Under Idaho law, actual fraud consists of nine elements that a plaintiff must prove by clear and convincing evidence." *Doe v. Boy Scouts of Am.*, 356 P.3d 1049, 1054 (Idaho 2015). These elements are "(1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *Id.; see also Faw v. Greenwood*, 613 P.2d 1338, 1340 (Idaho 1980). When alleging fraud, it is essential that the plaintiff "plead with particularity factual allegations of such fraud." *Witt v. Jones*, 722 P.2d 165, 168 (Idaho 1986) (citing *Theriault v. A.H. Robins Co., Inc.*, 698 P.2d 365 (1985)). A fraudulent misrepresentation claim must comply with the requirements of Federal Rule of Civil Procedure 9(b), requiring that a party "state with particularity the circumstances constituting fraud," although "intent ... may be alleged generally."

In the proposed Amended Complaint, the Byers allege that the Attorney Defendants "advised DA Davidson and/or Bull to make false statements to the Plaintiffs." Dkt. 32-2, at 20. They further allege that DA Davidson and Bull then made false representations to the Plaintiffs "that [they] were not beneficiaries" and "were not entitled to any information related to the Amended Trust. *Id*. at 19. The Byers contend that these purported actions were "willful, fraudulent, malicious and intentional" and resulted in harm to the Plaintiffs. *Id*. at 21.

MEMORANDUM DECISION AND ORDER - 8

Beard St. Clair and Holmes contend that the Byers have failed to plead the elements of fraud "with the required level of particularity." Dkt. 35, at 9. They argue that the Byers have failed to allege any fraudulent statements made by the Attorney Defendants, and question how Byers would even know of such privileged statements. The Byers counter that under Idaho law, "omission of information may constitute fraud when a duty to disclose exists" and "a party may be under duty to disclose if there is a fiduciary duty or other similar relationship of trust between parties." *Humphries v. Becker*, 366 P.3d 1088, 1096 (Idaho, 2015).

In light of these facts, and viewing the pleadings in the light most favorable to the Byers, the Court finds the Byers' allegations sufficient at this stage. The Byers have alleged both material affirmative misrepresentations—denying that the Byers were beneficiaries of the trust—and material omissions through silence that may, in this case, constitute fraud given the "fiduciary duty or other similar relationship of trust" that they have plausibly alleged exists here. *See Humphries*, 336 P.3d at 1096. The Byers additionally alleged the Defendants' intent, the materiality of their misrepresentations and omissions, the Byers' own ignorance and reasonable reliance, and the harm that they have incurred in receiving no benefit from the exhausted Trust because of the Defendants' indications that they were not entitled to any benefit. *See* Dkt. 32-1, at 18–32. Accordingly, and applying the Rule 12(b)(6) standard described above, the Court finds these allegations sufficient to support Amendment at this stage. The Court therefore GRANTS the Byers' Motion with respect to their fraudulent misrepresentation claim.

### D. Negligent Misrepresentation (Count Four)

The Byers finally seek to extend their negligent misrepresentation claim to all Defendants for purportedly false statements made regarding the Amended Trust.

Beard St. Clair and Holmes oppose the negligent misrepresentation claim on grounds that it is futile. They correctly point out that in Idaho, except for a professional relationship involving an accountant, the claim for negligent misrepresentation is not recognized. *Duffin v. Idaho Crop Imp. Ass'n*, 895 P.2d 1195 (Idaho 1995). The Byers concede this point in their reply and withdraw their Motion with respect to this claim. Dkt. 37, at 2. Accordingly, the Court DENIES the Motion to amend the negligent misrepresentation claim, and DISMISSES the claim WITH PREJUDICE.[3]

## V. ORDER

**IT IS ORDERED:**

1. Byers' Motion to Amend/Correct Complaint (Dkt. 32) is **GRANTED** in part and **DENIED** in part.

    a. The Byers may amend their complaint to add L. Jones, Chartered PA as a party and to extend their claims of breach of fiduciary duty, professional negligence/legal malpractice, and fraudulent misrepresentation to all Defendants.

    b. The Byers' Motion is DENIED as to the expansion of the negligent

---

[3] Dismissing a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). Here, no amendment could save the Byers' negligent misrepresentation claim because, as the Byers acknowledge, such a claim is unavailable on these facts under Idaho law.

misrepresentation claim to include the Attorney Defendants. Furthermore, the Byers' original negligent misrepresentation claim is DISMISSED WITH PREJUDICE. The Court grants the Byers leave to remove the negligent misrepresentation claim from their Amended Complaint.

2. The Byers will have 7 days from the date of this Order to file their Amended Complaint in accordance with this Order.

DATED: July 16, 2024

_____
David C. Nye
Chief U.S. District Court Judge