UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID BYERS, a Utah resident; DARREL BYERS, a Utah resident; DALE BYERS; a Utah resident; and DOYLE BYERS, a Utah resident,<br><br>    Plaintiffs,<br><br>v.<br><br>LARRY BULL, individually and as Trustee of the Delbert Parker Revocable Trust, D.A. DAVIDSON & CO., a Montana corporation, THOMAS J. HOLMES, individually and as shareholder of Beard, St. Clair Gaffney, PA, and as shareholder and president of L. Jones, Chartered PA, an Idaho resident; L. JONES, CHARTERED, PA, an Idaho professional services corporation; BEARD ST. CLAIR GAFFNEY PA, an Idaho professional services corporation,<br><br>    Defendants. | Case No. 4:23-cv-00494-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. Dkt. 76. Plaintiffs David, Darrel, Dale, and Doyle Byers seek leave to add factual allegations to the complaint and to expand the scope of their request for declaratory judgment. *Id*. at 2. Defendants oppose the Motion on timeliness grounds, arguing Plaintiffs' Motion does not satisfy the "good cause" standard employed when a motion to amend is filed after the scheduling order's time for amendment has passed. Dkt. 78, at 2; *see* Fed. R.

MEMORANDUM DECISION AND ORDER - 1

Civ. P. 16(b). Because the Byers brothers could not have reasonably anticipated the need to engage in self-dealing-related discovery, and for the reasons which follow, the Court GRANTS Plaintiffs' Motion.[1]

## II. BACKGROUND

Plaintiffs David Byers, Darrell Byers, Dale Byers, and Doyle Byers (collectively, the "Byers") are brothers. The Byers' grandfather, Delbert Parker, created the Delbert Parker Revocable Trust (the "Trust") in 2004. Defendants are the advisors and trustees who counseled Parker (and his successors) regarding the Trust and administered its assets. The Byers brothers allege that the Trust initially named their father, Harvey Byers, as a primary beneficiary. Upon Harvey's death, his beneficial interest was originally to pass to his issue—i.e., the Byers brothers—by representation. Because the original trust entitled Harvey to receive $15,000/year for life out of a beneficial interest worth roughly $750,000, the Byers brothers stood to receive a substantial portion of the Trust's value upon their father's death.

That changed in late 2009. The Byers brothers allege that, on the Defendants' advice, Harvey and his co-beneficiary Sandie Schmidt amended the Trust by agreement. Under the 2009 amendment, Harvey received a $100,000 lump sum distribution followed by $50,000/year for life, with his beneficial interest to pass first to his spouse and then to

---

[1] Upon review, the Court finds that the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Accordingly, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER - 2

his issue. Thus, by the time Harvey passed in 2022, his beneficial interest in the Trust was empty.

The Byers brothers learned the details of the Trust's provisions—and the amendment—for the first time after their father died. They subsequently filed this suit, alleging that the 2009 amendment violated Idaho law, that the Defendants violated professional and equitable duties related to the 2009 amendment and the subsequent administration of the Trust, and that Defendants thus owe the Byers brothers the value they would have received under the Trust had it been administered under its original terms plus punitive damages.

After they filed the original complaint, the Byers brothers sought leave to file an Amended Complaint. Dkt. 32. The Court granted leave, Dkt. 38, and the Byers brothers filed the operative First Amended Complaint at Dkt. 40. The parties subsequently cooperated in filing several amended scheduling orders, Dkts. 39; 46; 67; 74, which the Court granted. Dkts. 42; 47; 68; 75. By the operative scheduling order at the time the instant motion was filed, however, the deadline for amendment of pleadings had not changed since the initial scheduling order: May 24, 2024.

In October 2024, the Byers brothers received additional discovery from Defendant Thomas Holmes. Based on that discovery, at Holmes's December 2024 deposition the Byers brothers pursued lines of questioning regarding the trustee, Larry Bull, and Bull's handling of Trust assets. Based on the Holmes deposition, the Byers brothers now believe that Bull (possibly with the assistance of other defendants) took out loans from the trust in the name of his single-member LLC, Ultimate 70, LLC.

The instant motion was filed on March 12, 2025. Dkt. 76. Defendants responded, arguing that the motion was untimely and futile. Dkt. 78; 79. The Byers brothers have replied. Dkt. 80.

The matter is ripe for review.

### III. LEGAL STANDARD

When the Court's deadline for amending pleadings and joining parties has passed, a party seeking leave to amend his complaint must show "good cause" for amendment pursuant to Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. *Id.* at 609. Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reason for seeking amendment. *Id.* "If that party was not diligent, the inquiry should end." *Id.*

If a party seeking amendment establishes good cause pursuant to Rule 16(b), that party must then demonstrate that amendment is proper under Rule 15(a). *Id.* at 608. Rule 15(a)'s liberal amendment policy focuses on prejudice to the opposing party and the bad faith, if any, of the party seeking leave to amend. *Id.* at 609.

### IV. DISCUSSION

#### A. Rule 16(b) Good Cause

The Byers brothers' proposed amendments primarily concern a new claim for undue influence against Larry Bull. Dkt. 76-1, at ¶¶ 25–36; 57–65; 80–87; 111(j). Defendants[2]

---

[2] Defendant Larry Bull did not file an opposition to the Second Motion to Amend.

MEMORANDUM DECISION AND ORDER - 4

oppose the Motion on the grounds that it is untimely under the Court's scheduling order. The Byers brothers argue they can show good cause for relief from the scheduling order because the motion to amend arises out of facts that were discovered after the time for amendment had passed. Dkt. 77, at 4–6.

The Byers brothers' motion to amend was filed out of time; thus, they must satisfy Rule 16(b)'s "good cause" test for relief from a scheduling order before the Court considers whether it satisfies Rule 15(a)'s requirements for permitting amendment. "[T]he focus of the good cause inquiry is whether the moving party could not reasonably meet the established timeline in a scheduling order despite the party's diligence." *Sierra Club v. City of Boise*, 2024 WL 5054815, at *2 (D. Idaho Dec. 9, 2024) (citation modified). "If a party does not learn of information necessary to amend its complaint until after the scheduling order deadline, no amount of diligence would allow the party to seek amendment before the expiration of the deadline." *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*, 2015 WL 759003, at *4 (D. Idaho Feb. 23, 2015) (citation modified). "But the threshold question is when Plaintiffs first knew or should have known of the potential claim." *Simplot Livestock Co. v. Sutfin Land & Livestock*, 2018 WL 563142, at *5 (D. Idaho Jan. 25, 2018).

The Byers brothers could not have complied with the scheduling order through the exercise of due diligence because their self-dealing claims are sufficiently different from their underlying claims that they did not know, nor should they have known, about them until after the deadline to amend had passed. The bulk of the proposed amendments concern allegations that Bull used his position as trustee to obtain loans from the Trust. In briefing,

MEMORANDUM DECISION AND ORDER - 5

the Byers brothers explain that the new allegations arose from facts learned at Thomas Holmes's deposition, held on December 11, 2024—almost seven months *after* the deadline for amendment. Dkt. 80, at 4. The Byers brothers' claims related to Ultimate 70 are so fundamentally different from their pre-amendment case that they could not have been reasonably expected to account for their possibility in scheduling pre-deadline discovery. The Complaint and First Amended Complaint allege breaches of the duty of impartiality that plausibly explain why the Trust was empty by the time Harvey died; nothing on the face of the complaints suggest that the Byers brothers should have suspected self-dealing as well. Because the Byers brothers were not on reasonable notice that they should investigate whether Bull engaged in self-dealing, no amount of diligence would have enabled them to comply with the scheduling order.

Defendants argue the Byers brothers were not diligent because they failed to learn about the alleged self-dealing at three different opportunities: when they deposed Bull in February 2024 (Dkt. 78, at 3); when they received "almost all" the responsive documents related to Holmes by April 2024 (Dkt. 79, at 3); and when the Byers brothers chose not to depose Holmes until December 2024 (Dkt. 78, at 3). However, none of Defendants' alleged missed opportunities precludes a finding of good cause.

While the Byers brothers did depose Bull in February of 2024, nothing in his responses would have put them on notice to ask about self-dealing.[3] Although Holmes

---

[3] The Byers brothers assert that the February deposition was a short, agreed-to preservation deposition taken out of concern for Bull's age and mental state. Dkt. 80, at 3. If the Byers brothers' characterization is

(continued)

turned over 271 pages of discovery responses by April 2024, the documents which ultimately led to the line of questioning revealing the self-dealing claim were not turned over until October 2024 (in a disclosure totaling 330 pages). Dkt. 80, at 3. And while the Byers brothers did wait until December 2024 to depose Holmes, the delay is largely attributable to Holmes's schedule (as he was out of the country from May to September) and the Byers' desire to depose him after all responsive documents were disclosed and other discovery conflicts were resolved by the Court. Dkt. 80, at 4. Moreover, as explained above, the Byers brothers had no reason to expect that Holmes's deposition would result in new claims until October 2024, when they received the final discovery disclosure and well after the deadline to amend the pleadings had passed. The Byers brothers' failure to identify the self-dealing claim sooner was not through a lack of due diligence.

The Court, therefore, finds that good cause exists to grant relief from the scheduling order.

## B.  Rule 15(a) Leave to Amend

If a party seeking amendment establishes good cause pursuant to Rule 16(b), that party must then demonstrate that amendment is proper under Rule 15(a). *Barden v. Goodsell*, 2022 WL 11734742, at *3 (D. Idaho Oct. 20, 2022) (citing *Johnson*, 975 F.2d at 608). Rule 15(a)'s policy—which requires courts to grant leave to amend "freely" as justice so requires—must be applied "with extreme liberality." *Eminence Cap., LLC v. Aspeon,*

---

accurate, that fact would further support a finding of diligence. Asking questions regarding Bull's handling of Trust assets, without any factual basis for suspecting self-dealing, would have violated the scope of the deposition and almost certainly drawn an appropriate fishing-expedition objection. To the extent the scope of the February deposition was limited by the parties' agreement, the Byers brothers were diligent notwithstanding their failure to investigate self-dealing at that time.

*Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court has outlined factors for courts to use in determining whether to grant a motion to amend, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The most important factor is whether amendment will prejudice the opposing party. *Eminence Cap.*, 316 F.3d at 1052. The party opposing amendment bears the burden of showing prejudice. *Id.*

For the same reasons the Court concludes the Byers brothers have shown good cause for relief from the scheduling order, the Court finds that the motion to amend is not hampered by undue delay, bad faith, or dilatory motive on the part of the movant. Nor does this Motion seek to cure deficiencies that the Byers brothers have repeatedly tried and failed to cure. Thus, the Court will focus its analysis on whether the amendments would be prejudicial or futile. Defendants argue the amendments are unduly prejudicial because fact discovery is nearly closed (Dkts. 78, at 5; 79, at 4).

Although the parties note the Motion was filed ten months after the deadline to amend passed and a month before the close of fact discovery, the dispositive motion deadline is currently still several months away, Dkt. 109, and fact discovery did not ultimately close until over five months after the instant Motion was filed, Dkt. 89. Importantly, the party subject to the greatest discovery burden as a result of the amendments—Larry Bull—did not oppose the Motion to Amend. Indeed, Magistrate Judge Deborah Grasham has issued discovery orders in this case pertaining to Bull's alleged self-

dealing as recently as January 28, 2026. Dkt. 110. Thus, the Court finds that Defendants have failed to show the amendment would be unduly prejudicial due to its timing.

Finally, Defendants argue that the amendments are futile (Dkts. 78, at 4; 79, at 4–7). "When a motion to amend is opposed on the grounds that amendment would be futile, the standard of review in considering the motion is akin to that undertaken by a court in determining the sufficiency of a complaint which is challenged for failure to state a claim under the Federal Rules of Civil Procedure, Rule 12(b)(6)." *Arbon Valley Solar LLC v. Thomas & Betts Corp.*, 2017 WL 5613009, at *3 (D. Idaho Nov. 21, 2017) (citation modified). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation modified).

D.A. Davidson argues the amendments as to it are futile because the evidence indicates Bull was acting independently from D.A. Davidson at the time of the alleged misconduct. Dkt. 78, at 4. While D.A. Davidson can point to several pieces of evidence in the record to support its contention, the Court does not look to the evidentiary record to determine futility. *See Missouri ex rel. Koster*, 847 F.3d at 656. In determining futility, the Court looks to the face of the complaint, *id.*, and the Second Amended Complaint does not show on its face that Bull was acting independently of D.A. Davidson at the time of the alleged self-dealing. *See* Dkt. 76-1, at ¶ 19. If D.A. Davidson believes the evidence does not support that allegation, it is free to move for summary judgment on the issue, but the allegation at paragraph 19 appears facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Second Amended

Complaint would not, therefore, be futile as to D.A. Davidson.

The Attorney Defendants (Beard St. Clair, Holmes, and L. Jones, Chtd.) argue that amendment would be futile (or, in the alternative, unduly prejudicial) as to them because, in essence, the Byers brothers are overbroad in their pleadings. For Counts I (Breach of Fiduciary Duty), III (Negligence), V (Civil Conspiracy) and VI (Aiding and Abetting a Violation of Fiduciary Duties), they argue the Byers brothers cannot point to any new evidence that *they* took money out of the Trust (or conspired with others to do so). Dkt. 79, at 4–6. As to Counts II (Malpractice) and IV (Fraud), Attorney Defendants argue that the Court in its prior order (Dkt. 64) already found they did not owe the Byers brothers an attorney-client relationship sufficient to sustain a professional malpractice claim or fraud claim. Dkt. 79, at 5–6. And as to Count VII (Declaratory Relief), they object in general to the expansion of this case from one surrounding a breach of duties to a self-dealing case.

The Court does not believe that these claims are futile or unduly prejudicial. First, a party citing newly discovered evidence to establish good cause for relief from a scheduling order does not need to confine its amendments strictly to the newly discovered evidence. New evidence constituting good cause is a reason to grant a party relief from a procedural order. *See* Rule 16(b). Whether the amendment itself is appropriate, on the other hand, is governed by the more liberal requirements of Rule 15(a). Logically, there must be some nexus between the new evidence constituting good cause and the scope of amendment, but so long as the new pleading is facially plausible and logically related to the new evidence the connection is sufficient. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

MEMORANDUM DECISION AND ORDER - 10

Here, the new allegations are substantially related to the new evidence. The new allegations all suggest that the Attorney Defendants are liable for their direct involvement or cooperation in Bull's alleged self-dealing, satisfying the nexus requirement. Whether or not the claims will survive summary judgment, they are facially plausible. *See id.* Thus, the amendments to Counts I, III, V, and VI are not futile. As to Dkt. 64, the Attorney Defendants overread the Court's opinion. The Court did not affirmatively find they owe the Byers brothers no duty; rather, the Court found that such a duty was irrelevant to its decision. Dkt. 64, at 9, 11–12 (hinting that Idaho case law suggests an attorney's client is a trustee rather than a beneficiary of a trust but ultimately declining to resolve the issue).[4] Thus, Counts II and IV are not futile in light of Dkt. 64. And although allowing amendment entails some prejudice, insofar as any amendment expands the scope of the case somewhat, Attorney Defendants have failed to carry their burden of showing the prejudice requires denial of the Motion.

The Byers brothers have shown good cause for their failure to timely amend, and Defendants have failed to show prejudice or futility sufficient to preclude amendment. The Motion to Amend is, therefore, GRANTED.

## V. CONCLUSION

While a party cannot seek relief from a scheduling order based on their late discovery of *known* unknowns, a party can point to *unknown* unknowns to show good cause

---

[4] While the Court rejects the Attorney Defendants' position that it has *already* decided whether they owe a fiduciary duty to the Byers brothers, the Court does so without prejudice to Attorney Defendants' right to raise that argument in a subsequent motion to dismiss or for summary judgment.

under Rule 16(b). Here, the existence of a self-dealing claim was an unknown unknown prior to Holmes's deposition. Because the Holmes deposition occurred after the deadline to amend the pleadings passed, the Byers brothers could not have moved to amend within the deadline through the exercise of due diligence. Moreover, the Motion to Amend is neither futile nor unduly prejudicial under Rule 15(a).

## VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 76) is GRANTED.

2. Plaintiffs shall file a clean copy of their Second Amended Complaint within seven days of the entry of this order.

3. Fact discovery is hereby reopened for a period of 90 days from the date of the entry of this order for the limited purpose of addressing issues raised for the first time in the Second Amended Complaint.

DATED: February 2, 2026

David C. Nye
U.S. District Court Judge